```
                     UNITED STATES DISTRICT COURT

                     MIDDLE DISTRICT OF LOUISIANA


DANIEL CALIX, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED
                                              CIVIL ACTION
VERSUS
                                              NO. 10-676-BAJ-SCR
APPLE, INC.
```

**RULING ON MOTION TO EXTEND TIME**
**TO FILE MOTION FOR CLASS CERTIFICATION**

Before the court is the plaintiff's Unopposed Motion to Extend Deadline for Filing Motion for Class Certification Pursuant to Local Civil Rule 23.1(B) and Incorporated Memorandum in Support. Record document number 5. Although the motion is not opposed, it cannot be granted.

Plaintiff seeks an extension of the time to file a motion for class certification as provided by Local Civil Rule 23.1.B. Plaintiff asserted that more time is needed because the parties have not conducted any discovery yet, nor are they allowed to do so until after the scheduling conference set for January 13, 2011.

The basis for the plaintiff's motion is incorrect. Rule 26(d)(1), Fed.R.Civ.P., generally prohibits the parties from conducting discovery until they have met as required by Rule 26(f)(1), which is commonly referred to as the Rule 26(f) conference. That is a conference among counsel for the parties and any unrepresented party - the court does not participate in that

conference.[1]  It is not the same as the scheduling conference held with the court pursuant to Rule 16(b), Fed.R.Civ.P.  In this case, the scheduling conference is set for January 13, 2010.[2]  The status report, which includes suggested dates for the scheduling order deadlines, is due to be filed by December 30, 2010.  Therefore, at the latest, the Rule 26(f) conference should be held by December 23, 2010 - 21 days before the scheduling conference.

However, nothing in Rule 26 prohibits the parties from having the Rule 26(f) conference sooner than the last allowable date. Rather, the rule provides that "the parties must confer as soon as practicable."  Defendant removed this case on October 7 and filed its answer a week later.  The parties have had more than a month since then to have the Rule 26(f) conference and begin their discovery.  Their voluntary decision to delay discovery is not a justification for additional delay.

Plaintiff has not identified any particular discovery that is necessary before he can file a motion for class certification. Delaying the time to file a motion for class certification based on a request to conduct unspecified discovery, when the parties have not diligently pursued discovery, is not warranted and would be contrary to Rule 23(c)(1)(A)("At an early practicable time after a

---

[1] See Advisory Committee Notes to 1993 Amendments to subdivision (f).

[2] Record document number [4](#).

person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.")

Accordingly, the plaintiff's Unopposed Motion to Extend Deadline for Filing Motion for Class Certification Pursuant to Local Civil Rule 23.1(B) is denied.

Baton Rouge, Louisiana, November 19, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE